KELLEY DRYE & WARREN LLP
Andrew M. White (STATE BAR NO. 60181)
Ken D. Kronstadt (STATE BAR NO. 259996)
10100 Santa Monica Boulevard, 23rd Floor
Los Angeles, California 90067-4008
Telephone: (310) 712-6100
Facsimile: (310) 712-6199
awhite@kelleydrye.com
kkronstadt@kelleydrye.com

Geoffrey W. Castello (*pro hac vice* submission to be made)
One Jefferson Road
Parsippany, New Jersey 07054
Telephone: (973) 503-5900
Facsimile: (973) 503-5950
gcastello@kelleydrye.com

Attorneys for Defendant
Gerber Products Co.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

OULA ZAKARIA, individually and as a representative of the class,

Plaintiff,

v.

GERBER PRODUCTS CO., a corporation d/b/a NESTLÉ NUTRITION, NESTLÉ INFANT AND NESTLÉ NUTRITION NORTH AMERICA,

Defendant.

**Case No.: 2:15-cv-00200-JAK**

[Hon. John A. Kronstadt]

**DEFENDANT GERBER PRODUCTS CO.'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**

[*Declaration of Ken D. Kronstadt filed concurrently herewith*]

| | |
|---|---|
| Date: | June 1, 2015 |
| Time: | 8:30 a.m. |
| Place: | Courtroom 750 |
| Trial Date: | None set |
| First Amended Complaint Filed: | February 24, 2015 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on June 1, 2015, at 8:30 a.m., or as soon thereafter as the parties may be heard, before the Honorable John A. Kronstadt, U.S.D.J., located at 312 North Spring St., Courtroom 4, Los Angeles, California 90012, defendant Gerber Products Co. ("Gerber") will and hereby does move to dismiss with prejudice the First Amended Complaint of plaintiff Oula Zakaria ("Plaintiff") pursuant to Rules 8, 9(b), 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, on the grounds, as follows:

1. Plaintiff has failed to allege a "short plain statement . . . showing that the pleader is entitled to relief" and further has failed to allege a plausible claim for relief as required by Fed. R. Civ. P. 8;

2. Plaintiff has failed to plead her claims with clarity and particularity as required by Fed. R. Civ. P. 9(b);

3. The Court should abstain from determining Plaintiff's claims in this case based on the doctrine of "primary jurisdiction;"

4. Plaintiff does not have Article III standing to seek injunctive relief because she has not (and cannot) allege a threat of future injury; and

5. Plaintiff lacks standing to bring claims pursuant to California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq.*, and False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500, *et seq.*, because she has not (and cannot) allege reliance upon the alleged false advertising and has failed to allege damages.

6. This Court should defer to the FDA based on the doctrine of "primary jurisdiction."

7. Plaintiff has failed to properly allege a claim for breach of express warranty because she failed to plead the existence of a warranty or damages.

/ / /

8. Plaintiff's claim for breach of implied warranty should be dismissed because Plaintiff failed to plead that the product that she alleges she purchased was not merchantable and because it was fit for its intended purpose.

9. Plaintiff lacks Article III standing to seek injunctive relief because there is no threat of a future injury to her.

This Motion is made following several conferences of counsel under Local Rule 7-3, which took place on or about January 29, 2015, at which time Plaintiff's counsel advised counsel for Gerber that Plaintiff intended to file an Amended Complaint, several conferences during the week of February 23-27, 2015, during which time counsel discussed a briefing schedule and another conference on March 18, 2015. This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the Declaration of Ken D. Kronstadt filed concurrently herewith, all pleadings and papers on file in this action, and any oral argument or documentary matters as may be presented to the Court at or before the hearing on this Motion.

DATED: March 23, 2015

KELLEY DRYE & WARREN LLP
Andrew M. White
Ken D. Kronstadt

By */s/ Andrew M. White*
Andrew M. White
Attorneys for Defendant
Gerber Products Co.

**I.** INTRODUCTION ........ 1

**II.** STATEMENT OF ALLEGATIONS ........ 2

**III.** PLAINTIFF'S CLAIMS SHOULD BE DISMISSED IN THEIR ENTIRETY ........ 3

- **A.** Legal Standard On Motion To Dismiss ........ 3
- **B.** Plaintiff's Amended Complaint Fails to Meet the Requirements of Rule 8 ........ 4
- **C.** Plaintiff's Claims Do Not Comply With Rule 9(b) ........ 9
- **D.** The Court Should Defer to the FDA ........ 11
- **E.** Lack of Substantiation and Reliance on the FTC Action Cannot Support a Cognizable Cause of Action Against Gerber ........ 13
- **F.** Plaintiff Fails to Plead Reliance or Causation ........ 17
- **G.** Plaintiff Lacks Standing Under the UCL and FAL ........ 18
- **H.** Plaintiff Fails to Allege that Gerber Has a Duty to Disclose ........ 20
- **I.** Plaintiff's Breach of Express Warranty Claim Should Be Dismissed ........ 21
  - **1.** There Is No Warranty ........ 21
  - **2.** Plaintiff Suffered No Damages ........ 22
- **J.** Plaintiff Has Not Stated a Claim for Breach of Implied Warranty ........ 23
- **K.** Plaintiff Has Not Stated a Claim for Misrepresentation ........ 24
- **L.** Plaintiff Is Not Entitled to Injunctive Relief ........ 24

**TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Al-Kidd v. Ashcroft*,
580 F.3d 949 (9th Cir. 2009) ..... 3

*Am. Suzuki Motor Corp. v. Superior Court*,
37 Cal. App. 4th 1291 (1995) ..... 23

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ..... passim

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ..... 5, 6, 8, 16

*Blanco v. Baxter Healthcare Corp.*,
158 Cal. App. 4th 1039 (2009) ..... 24

*Buller v. Sutter Health*,
160 Cal. App. 4th 981 (2008) ..... 20

*Cervantes v. Countrywide Home Loans, Inc.*,
656 F.3d 1034 (9th Cir. 2011) ..... 21

*Clark v. Time Warner Cable*,
523 F.3d 1110 (9th Cir. 2008) ..... 12

*Comcast v. Behrend*,
569 U.S. ..... 18

*Consumer Advocates v. Echostar Satellite Corp.*,
113 Cal. App. 4th 1351 (2003) ..... 7

*Daugherty v. Am. Honda Motor Co., Inc.*,
144 Cal. App. 4th 824 (2006) ..... 20

*Federal Trade Commission v. Gerber Products Co., et al.*,
Case No. 2:14-cv-06771-SRC-CLW (the "FTC Action") ..... passim

*Fraker v. Bayer Corp.*,
2009 U.S. Dist. LEXIS 125633 (E.D. Cal. Oct. 2, 2009) ..... 13, 14, 15, 16

*Franulovic v. Coca Cola Co.*,
390 Fed. Appx. 125 (3d Cir. 2010) ........ 13

*Freeman v. Time, Inc.*,
68 F.3d 285 (9th Cir. 1995) ........ 7

*Gaul v. Bayer*,
2013 U.S. Dist. LEXIS 188951*7 (D.N.J. June 19, 2013) ........ 6

*Gaul v. Bayer*,
2013 U.S. Dist. LEXIS 22637 (D.N.J. February 11, 2013) ........ 6, 7

*Gest v. Bradbury*,
443 F.3d 1177 (9th Cir. 2006) ........ 25

*Gordon v. Church & Dwight Co.*,
No. C 09-5585, 2010 U.S. Dist. LEXIS 32777 (N.D. Cal. Apr. 2, 2010) ........ 13

*Hinojos v. Kohl's Corp.*,
718 F.3d 1098 (9th Cir. 2013) ........ 19

*Hodes v. Van's Int'l Foods*,
No. 09-1530, 2009 WL 2424214 (C.D. Cal. July 23, 2009) ........ 3

*Hodgers-Durgin v. De La Vina*,
199 F.3d 1037 (9th Cir. 1999) ........ 25

*Hovsepain v. Apple, Inc.*,
2009 U.S. Dist. LEXIS 117562 (N.D. Cal. Dec. 17, 2009) ........ 20, 21

*In Re GlenFed Sec. Litig.*,
42 F.3d 1541 (9th Cir. 1994) ........ 8

*In re Hydroxycut Mktg. & Sales Practices Litig.*,
2010 U.S. Dist. LEXIS 44037 (S.D. Cal. May 5, 2010) ........ 11

*In Re Metro Secs. Litig.*,
532 F.Supp. 2d 1260 (E.D. Wa. 2007) ........ 8, 18

*In re POM Wonderful LLC*,
No. 10-2199, 2014 WL 1225184 (C.D. Cal. March 25, 2014) ........ 3

*In re Sony Grand Wega Litig.*,
2010 U.S. Dist. LEXIS 126077 (S.D. Cal. Nov. 30, 2010) ........ 20

*In re Stac Elec. Sec. Litig.*, 89 F.3d 1399 (9th Cir. 1996) .......... 9

*In re Tobacco II Cases*, 46 Cal. 4th 298 (2009) .......... 8, 17

*Johns v. Bayer Corp.*, 2010 U.S. Dist. LEXIS 10926 (S.D. Cal. Feb. 9, 2010) .......... 18

*Jones v. ConAgra Foods, Inc.*, 2012 WL 6569393 (N.D. Cal. Dec. 17, 2012) .......... 22

*Kearns v. Ford Motor Co.*, 567 F.3d 1120 (9th Cir. 2009) .......... 9, 20

*Keith v. Buchanan*, 173 Cal. App. 3d 13 (1985) .......... 21

*Kent v. Hewlett-Packard Co.*, 2010 U.S. Dist. LEXIS 76818 (N.D. Cal. July 6, 2010) .......... 21

*Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992) .......... 17, 25

*McKinniss v. Gen. Mills, Inc.*, 2007 WL 4762172 (C.D. Cal. Sept. 18, 2007) .......... 22

*McKinniss v. Sunny Delight Beverages Co.*, 2007 U.S. Dist. LEXIS 96108 (C.D. Cal. Sept. 4, 2007) .......... 7

*Moss v. U.S. Secret Service*, 572 F. 3d 962 (9th Cir. 2009) .......... 5

*Mutual Pharm. Co. v. Watson Pharm., Inc.*, No. CV 09-5700, 2009 U.S. Dist. LEXIS 107880 (C.D. Cal. Oct. 19, 2009) .......... 13

*Navarro v. Block*, 250 F.3d 729 (9th Cir. 2001) .......... 21

*O'Shea v. Littleton*, 414 U.S. 488 (1974) .......... 25

*Red v. Kraft Foods, Inc.*,
No. 10-1028, 2012 WL 8019257 (C.D. Cal. Apr. 12, 2012) ........ 3

*Ret. Sys. v. Chubb Corp.*,
394 F.3d 126 (3d Cir. 2004) ........ 10

*Rosen v. Unilever U.S., Inc.*,
2010 U.S. Dist. LEXIS 43797 (N.D. Cal. May 3, 2010) ........ 7

*San Diego Hospice v. Cnty. of San Diego*,
31 Cal. App. 4th 1048 (1995) ........ 21

*Sanders v. Apple Inc.*,
672 F. Supp. 2d 978 (N.D. Cal. 2009) ........ 22

*Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc.*,
806 F.2d 1393 (9th Cir. 1986) ........ 9, 10

*Stanley v. Bayer HealthCare LLC*,
No. 11 cv 862, 2012 WL 1132920 (S.D. Cal. Apr. 3, 2012) ........ 14

*Steckman v. Hart Brewing, Inc.*,
143 F.3d 1293 (9th Cir. 2000) ........ 4

*U.S. v. Corinthian Colls.*,
655 F.3d 984 (9th Cir. 2011) ........ 4

*United States v. Gen. Dynamics Corp.*,
828 F.2d 1356 (9th Cir. 1987) ........ 11

*United States v. W. Pac. R.R. Co.*,
352 U.S. 59 (1956) ........ 11

*Vess v. Ciba-Geigy Corp.*,
317 F.3d 1097 (9th Cir. 2003) ........ 10, 11

*VP Racing Fuels, Inc. v. Gen. Petroleum Corp.*,
673 F. Supp. 2d 1073 (E.D. Cal. 2009) ........ 9

*Williams v. Beechnut Nutrition Corp.*,
185 Cal. App. 3d 135 (1986) ........ 21

*Williams v. Gerber Prods. Co.*,
552 F.3d 934 (9th Cir. 2008) ........ 7

**STATUTES**

21 U.S.C. § 393(b)(2)(A) .......... 12

Cal. Bus. & Prof. Code § 17204 .......... 19

Cal. Bus. & Prof. Code § 17535 .......... 19

Cal. Bus. & Prof. Code Code §§ 17200 *et seq.* .......... 2

Cal. Bus. & Prof. Code Code §§ 17500 *et seq.* .......... 2

Cal. Civ. Code §§ 1750, *et seq*. .......... 2

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.

## INTRODUCTION

This is a putative class action piggy-backing on a previously filed action by the Federal Trade Commission in the District of New Jersey entitled *Federal Trade Commission v. Gerber Products Co*., *et al*., Case No. 2:14-cv-06771-SRC-CLW (the "FTC Action"). The FTC's Action, like this one, alleges that Gerber did not possess sufficient substantiation of Gerber® Good Start® infant formula's ("Good Start") efficacy in reducing infant allergies. Plaintiff has alleged the same lack of substantiation and mimics the FTC's allegations, albeit on a class-wide scale. While the FTC is permitted to assert claims for lack of substantiation, a private plaintiff or class, to sustain an action for false advertising, must make plausible allegations and ultimately prove that the advertised claims are actually false – not merely unsubstantiated.

Plaintiff's conclusory allegations that Gerber's claims and representations about Good Start are "false" or "supported by little or very little scientific evidence" are based on nothing more than the action that the FTC filed against Gerber several months before Plaintiff filed this action. The Amended Complaint is modeled on the FTC's complaint (Kronstadt Decl., Ex. A), and attaches all of the same exhibits. The FTC and Plaintiff seek nearly identical relief. Having no standing to enforce the FTC Act, however, Plaintiff must allege much more than the FTC, whose disagreement with the science that supports the claims regarding Good Start cannot, alone, support a class action. Plaintiff must, but does not, allege that Good Start provides no benefits. Even if she did make such an allegation, she could provide no evidentiary support for it. Even at an individual level, Plaintiff's claims fail. Plaintiff could not have relied on any statements that Gerber made about Good Start because she admits that her pediatrician "recommended" it and that it was not until

after meeting with her pediatrician she "researched," and "reviewed statements" made by Gerber about Good Start. (Orig. Compl. ¶ 53.) Notably, Plaintiff alleges that she saw only one of the exhibits attached to either of her complaints. Plaintiff's attempt to turn the FTC Action into a private action should be denied and her Amended Complaint dismissed in its entirety.

## II.

## STATEMENT OF ALLEGATIONS

Plaintiff asserts a cause of action against Gerber under California Business and Professional Code §§ 17200 *et seq.*, (alleging unfair competition and false advertising), False Advertising Law §§ 17500, *et seq.*, Consumers Legal Remedies Act §§ 1750, *et seq*. In addition, Plaintiff alleges claims for breach of express warranty, breach of implied warranty, negligent misrepresentation, and intentional misrepresentation, and seeks certification of a California-only class. Despite filing an Amended Complaint that contains 155 paragraphs and 8 exhibits, Plaintiff has failed to allege any actionable conduct by Gerber.

Plaintiff, a resident of California (Am. Compl. ¶ 13), claims that her first experience with Good Start was when her daughter's pediatrician "provided" her with three or four containers. (Am. Compl. ¶ 60.) As a result of a pediatrician's recommendation, Plaintiff claims to have purchased Good Start. (Am. Compl., ¶ 60.) Although she attached the same seven advertisements to her Amended Complaint that the FTC attached to its complaint (*compare* Dkt. No. 26 Exhs. B to H with FTC Complaint Exhs. A to G), Plaintiff does not identify any particular advertisement that she allegedly reviewed or relied upon before making her first purchase. Instead, she merely alleges that she saw a label and "researched Good Start formula and reviewed statements made by [Gerber] on its website highlighting Good Start Gentle's endorsement by the FDA and its ability to protect infants from developing allergies." Plaintiff fails, however, to identify which (if any) of the

exhibits attached in her Amended Complaint are the advertisements that she saw on Gerber's website. (Am. Compl., ¶ 61.) The only exhibit that Plaintiff alleges she personally saw (Ex. B, which comes directly from the FTC's Complaint) was reviewed after her daughter's pediatrician already recommended Good Start. Plaintiff claims that she purchased Good Start at several retail stores.[1] (Am. Coml., ¶ 65.) Notably, Plaintiff's Complaints contain no allegations that Plaintiff's daughter manifested any symptoms of infant allergies. She certainly does not allege (nor can she) that she received no benefit from Good Start.

**III.**

**PLAINTIFF'S CLAIMS SHOULD BE DISMISSED IN THEIR ENTIRETY**

**A. Legal Standard On Motion To Dismiss**

To survive a motion to dismiss, Plaintiff was required to allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Al-Kidd v. Ashcroft*, 580 F.3d 949, 956 (9th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). A claim is only plausible when the plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 at 664. "The plausibility standard is not akin to a 'probability requirement' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). "A pleading that offers 'labels and conclusions' or

[1] This allegation will present a significant problem for Plaintiff if this action survives to the class certification stage because it will be impossible to ascertain this putative class. *In re POM Wonderful LLC*, No. 10-2199, 2014 WL 1225184, at *6 (C.D. Cal. March 25, 2014) (class is not ascertainable); *Red v. Kraft Foods, Inc.*, No. 10-1028, 2012 WL 8019257, at *5 (C.D. Cal. Apr. 12, 2012)(same); *Hodes v. Van's Int'l Foods*, No. 09-1530, 2009 WL 2424214, at *4 (C.D. Cal. July 23, 2009)(difficulty ascertaining what putative class members purchased).

'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancements.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). A claim is "plausible" only when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 544, 556). The plaintiff, therefore, must show "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Mere legal conclusions are not sufficient. *Iqbal*, 556 U.S. at 680. Despite these well-known pleading requirements, all that Plaintiff offers in her Amended Complaint are conclusory statements.

When ruling on a Rule 12(b)(6) motion, a court may "consider unattached evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document." *U.S. v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011). A court need not accept as true allegations that are contradicted by documents that are central to the plaintiff's claims whose authenticity no party questions. *Parrino*, 146 F.3d at 706; *see also Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295-96 (9th Cir. 2000). Here, Plaintiff relies on what she mischaracterizes as a "denial letter," a communication sent by the FDA to Gerber in May 2011. (Am. Compl. ¶ 31 & 34.) In fact, that so-called denial letter actually permitted Gerber to make a qualified health claim about Good Start's ability to reduce atopic dermatitis in infants.

**B. <u>Plaintiff's Amended Complaint Fails to Meet the Requirements of Rule 8</u>**

Plaintiff's Amended Complaint is a conglomeration of unconnected allegations and innuendos: the FDA petitions, the FTC action, an FDA Warning Letter, Exhibit A to the Amended Complaint (the "Lowe Study"), Plaintiff's "meeting" with her daughter's pediatrician about Good Start and the seven

advertisements attached to her Amended Complaint. Plaintiff attempts to use all of these disparate documents and events and turn them into actionable conduct. Rather than meeting the basic pleading requirements of Rules 8 and 9, Plaintiff throws all of these allegations together and resorts to conclusory statements alleging that Gerber's advertising is "false." Plaintiff targets Gerber's entire marketing campaign, yet admits that she saw only one sticker on an exhibit taken directly from the FTC's complaint. Regardless of whether Plaintiff actually saw that sticker before the FTC filed its action, she admits that she saw it after the pediatrician recommended Good Start. (Am. Compl., ¶ 62.) Instead of specifying an alleged misrepresentation or alleging how Plaintiff relied thereon when she decided to purchase Good Start, Plaintiff leaves that job to the Court and Gerber. Significantly, Plaintiff never even alleges that her infant daughter presented any manifestations of infant allergies. These unsupported allegations (or failure to make relevant allegations) are legally insufficient and do not support a claim of false advertising.

If a complaint is to survive a motion to dismiss it "must be plausibly suggestive of a claim entitling the plaintiff to relief" without resorting to mere conclusions. *Moss v. U.S. Secret Service*, 572 F. 3d 962, 969 (9th Cir. 2009). Plaintiff's complaint is not plausible on its face because all that it offers are conclusory statements and mere recitations of the elements of a cause of action. Rule 8, as elucidated in *Twombly* and *Iqbal*, require more. *Twombly*, 550 U.S. at 570 ("we do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face."); *Iqbal*, 556 U.S. at 663 ("[w]hile legal conclusions can provide the complaint's framework, they must be supported by factual allegations."). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 663 (quoting Fed. R. Civ. P. 8(a)(2)). Disregarding the clear mandate of

*Twombly* and *Iqbal*, Plaintiff's Complaint is filled only with conclusory statements, but no specific facts. Such a complaint fails to give Gerber any idea what Plaintiff is claiming. *Twombly*, 550 U.S. at 555 (the rule requires a plain statement of the claim so that the defendant has fair notice of what constitutes the claim). Fair notice is lacking in this Complaint. What Gerber is left with, however, are claims that are largely groundless but which must be defended against. *Id*. at 557-58.

Rule 8(a) requires that a plaintiff do more than merely allege (or conclude) that the defendant is probably liable. In false advertising cases, the complaint should be dismissed when it "fails to point to any facts which make plausible the inference that [p]laintiffs have a factual basis for asserting that the labeling claims are false." *Gaul v. Bayer*, 2013 U.S. Dist. LEXIS 22637 *4 (D.N.J. February 11, 2013). "The problem for Plaintiff, however, is that, as Bayer contends in the second element of its argument, the Complaint fails to allege a sufficient factual basis to support claims that Bayer's representations are false and misleading." *Id*. at *3. In other words, it is not enough to merely allege falsity without also alleging a factual basis to support such a claim. *See also Gaul v. Bayer*, 2013 U.S. Dist. LEXIS 188951*7 (D.N.J. June 19, 2013) (where a complaint lacks any "foundation in factual allegations," it amounts to nothing more than "pure speculation.").

Like this case, the plaintiff in *Gaul* used what a third party said about the product, yet the third-party documents inspiring the suits did not even assert that the advertising in question was necessarily false, but merely that they were inadequately substantiated; and both Plaintiff here and the plaintiffs in *Gaul* asserted no facts upon which to find a plausible inference that their claims should survive.

Plaintiff's Complaint fails to provide any factual allegations explaining how any of the Good Start advertisements are actually deceptive, false or misleading. Instead, Plaintiff merely concludes that they are so. Plaintiff also fails to allege which of Gerber's claims regarding Good Start are deceptive, false or misleading.

Exhibits B through H of the Amended Complaint consist of different advertisements that contain several claims regarding Good Start. For instance, they tout the existence of protein in Good Start (Exhs. C, D, E, F and H); and its easily digestible contents (Exhs. D, E, F and G). Plaintiff does not allege whether those claims are misleading and fails to point to anything specific, including any scientific evidence, to support any such allegations. This failure falls short of Rule 8 and requires dismissal of her claims because the allegations in the Complaint do not provide a sufficient factual basis that plausibly sets forth the basis for a right to relief. *See Gaul*, 2013 U.S. Dist. LEXIS 188951 at *7 (dismissing the plaintiff's breach of express warranty and unjust enrichment claims because the plaintiff's claims were predicated on the same insufficient facts to make them plausible on their face).

To state a valid claim under the UCL, FAL or the CLRA, the advertisements that the plaintiff alleges to be false must be considered from the view point of a "reasonable consumer." *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008). Merely concluding as Plaintiff does that "reasonable consumers . . . would attach importance" to Gerber's claims is not sufficient. A plaintiff is required to "show that members of the public are likely to be deceived." *Williams*, 552 F.3d at 938.; *Consumer Advocates v. Echostar Satellite Corp.*, 113 Cal. App. 4th 1351, 1360 (2003). This means that deception must be probable, not just possible. *See Freeman v. Time, Inc.*, 68 F.3d 285, 289 (9th Cir. 1995) (dismissing false advertising claims because plaintiff's claims must be viewed against entire advertising). If the allegedly false advertisement would not deceive a reasonable consumer, then the claim may be dismissed with prejudice on a motion to dismiss. *See, e.g.*, *McKinniss v. Sunny Delight Beverages Co.*, 2007 U.S. Dist. LEXIS 96108, at *13, *18-19 (C.D. Cal. Sept. 4, 2007) (dismissing with prejudice false advertising claims under UCL and FAL, where ads would not deceive a reasonable consumer as a matter of law so amendment "would be futile"); *Rosen v. Unilever U.S., Inc.*, 2010

U.S. Dist. LEXIS 43797, *17 (N.D. Cal. May 3, 2010) (false advertising claims dismissed with prejudice under *Twombly* and *Iqbal*). Plaintiff is in no position to allege that a "reasonable consumer" would attach the level of significance to the claims made by Gerber, especially given the fact that Plaintiff did not rely on any of them.

In addition, Plaintiff's claims cannot be considered plausible when she fails to plead which of the advertisements she relied upon before she considered purchasing Good Start. This is fatal to Plaintiff's claims. *In re Tobacco II Cases*, 46 Cal. 4th 298, 306 (2009). ("Plaintiff must demonstrate actual reliance on the allegedly deceptive or misleading statements, in accordance with well-settled principles regarding the element of reliance in ordinary fraud actions.").

Finally, Plaintiff cannot plausibly allege that she relied on Gerber's advertisements when she cites in her Amended Complaint a study that was published two years before she purchased Good Start and which she alleges proves that Good Start does not work. (Am Compl. ¶¶ 38-41.)

The Amended Complaint contains 68 specific factual claims, though many are borrowed from the FTC, the FDA or a study that Plaintiff did not commission. This is striking when considering the very general, conclusory allegations contained in the 73 paragraphs that make up the eight causes of action. This type of pleading fails to connect the dots to an actual injury. *In Re Metro Secs. Litig.*, 532 F.Supp. 2d 1260, 1279-1280 (E.D. Wa. 2007). ("[T]he [complaint] fails to connect its factual allegations to the elements comprising the Plaintiffs' various claims . . . . Each of the Plaintiffs' claims for relief . . . incorporates the factual allegations without specifying which ones support any particular elements of the claim.").

It should not be left to Gerber or this Court to solve Plaintiff's pleading puzzle. *In Re GlenFed Sec. Litig.*, 42 F.3d 1541, 1554 (9th Cir. 1994) (a complaint should not be a puzzle that is left to the defendant to solve). This task is made all

the more difficult because Plaintiff never specifically identifies what advertisements she relied on. On the few occasions when Plaintiff alleges reliance in her Amended Complaint, it is in a conclusory manner. (Am. Compl., ¶¶ 63, 72, 104, 144 and 153.).

**C. Plaintiff's Claims Do Not Comply With Rule 9(b)**

Plaintiff's Amended Complaint should be dismissed because it lacks the particularity required when pleading claims of fraud pursuant to Rule 9(b). Where a plaintiff alleges a course of "fraudulent conduct" and relies "on that course of conduct as the basis" for her claims, those claims are "said to be 'grounded in fraud' or to 'sound in fraud,' and the pleading . . . *as a whole* must satisfy the particularity requirement of Rule 9(b)." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (*quoting Vess v. Ciba-Geigy Corp*., 317 F.3d 1097, 1103-04 (9th Cir. 2003)) (emphasis added). Significantly, courts have held that claims for false or deceptive advertising brought pursuant to the UCL "sound in fraud" and are subject to Rule 9(b)'s heightened pleading standard. *Kearns*, 567 F.3d at 1125; *VP Racing Fuels, Inc. v. Gen. Petroleum Corp.*, 673 F. Supp. 2d 1073, 1085-86 (E.D. Cal. 2009). Plaintiff clearly alleges that Gerber engaged in a course of fraudulent conduct by making false and misleading statements regarding Good Start. *See, e.g.*, Compl. ¶¶ 91, 93, 99-103, 111, 112, 114, 141, 149 and 155. Accordingly, the entire Amended Complaint sounds in fraud and must satisfy the particularity requirements of Rule 9(b).

Rule 9(b) requires a plaintiff to "state the time, place and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1401 (9th Cir. 1986). It also requires particularized facts demonstrating what was false or misleading about the statement or omission complained of and why. *In re Stac Elec. Sec. Litig.*, 89 F.3d 1399, 1404 (9th Cir. 1996). Plaintiff has

failed to allege any of the required facts that could allow this Court to reasonably infer that Gerber could be liable under any of the claims asserted. The Amended Complaint lacks the "who, what, when, where, and how" to permit the Court to understand how Plaintiff was allegedly misled by Gerber's advertising. *Schreiber Distrib. Co.*, 806 F.2d at 1401; *Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1106 (9th Cir. 2003). The "what" inquiry is a particular problem for Plaintiff here. What caused Plaintiff to purchase Good Start? Based on the admissions in her Complaint, Plaintiff purchased Good Start because her pediatrician "recommended" it. She never alleges, however, that her daughter presented any manifestation of infant allergies. As set forth above, the only advertisement that Plaintiff claims that she actually saw (Ex. B) references the qualified health claim, which is one of the aspects of the FDA Warning Letter. Plaintiff fails to mention that the FDA permitted this particular qualified health claim and that the label referenced in Exhibit B clearly directs purchasers to "[S]ee Label Inside." Plaintiff fails to advise the Court of what was contained inside the label. The Amended Complaint should be dismissed for this reason alone.

Plaintiff's breach of warranty claims, negligent misrepresentation and intentional misrepresentation claims (in addition to her UCL, FAL and CLRA claims) are grounded in the same conclusory allegations of fraud, namely that Gerber purportedly misrepresented the allergy claims relating to Good Start. As with her statutory claims, Plaintiff was required to meet the requirements proscribed by Rule 9(b) for her common law claims. "Rule 9(b) does not discriminate between various allegations of fraud. Instead it applies to any claim that includes 'averments of fraud or mistake.'" *Cal. Pub. Emps.' Ret. Sys. v. Chubb Corp.*, 394 F.3d 126, 161 (3d Cir. 2004).

All of Plaintiff's claims, however, fail to provide adequate detail or the specificity required to satisfy Rule 9(b). Plaintiff fails to even plead with specificity

the actual marketing statements that she alleges are false. Plaintiff failed to plead the loss suffered or the "who, what, when, where, and how" of her alleged purchase. This requires the dismissal of her Amended Complaint. *Vess*, 317 F.3d at 1106.

Nearly all of Plaintiff's allegations fail to allege that any of the statements were false, how the statements were false assuming they were alleged to be false, that she actually viewed the (allegedly false) statement and/or that she actually relied upon the (allegedly false) statement. *See In re Hydroxycut Mktg. & Sales Practices Litig.*, 2010 U.S. Dist. LEXIS 44037, *32-33 (S.D. Cal. May 5, 2010) ("Plaintiff must state when . . . he saw, heard, and/or read and relied upon the allegedly fraudulent material.").[2]

**D. The Court Should Defer to the FDA**

Plaintiff clearly recognizes the FDA's role in connection with Good Start and devotes much of her Amended Complaint to recounting that role. (Am. Compl., ¶¶ 21-35; 55-58.) The FDA, not Plaintiff, is in a better position to consider whether Gerber's claims regarding Good Start are improper. Plaintiff's claims should be dismissed under the primary jurisdiction doctrine. In order to promote the "proper relationships between the courts and administrative agencies charged with particular regulatory duties," the primary jurisdiction doctrine is applied when enforcement of a claim "requires the resolution of issues which, under a regulatory scheme, have been placed within the special competence of an administrative body." *United States v. W. Pac. R.R. Co.*, 352 U.S. 59, 63-64 (1956). Deferral to an agency is appropriate to ensure consistent interpretations with a statutory scheme. *United States v. Gen. Dynamics Corp.*, 828 F.2d 1356, 1363 (9th Cir. 1987).

---

[2] Based on the Amended Complaint, it is not even clear that Plaintiff has any knowledge regarding where any of the advertisements that appear as exhibits to her Complaint actually appeared.

The factors supporting the primary jurisdiction doctrine apply here. *Clark v. Time Warner Cable*, 523 F.3d 1110, 1115 (9th Cir. 2008), *quoting Syntek* at 781. The issue of whether Gerber misbranded Good Start falls squarely within the jurisdiction of the FDA pursuant to the FFDCA and federal regulations. *See* 21 U.S.C. § 393(b)(2)(A) (FDA has authority to ensure that foods are properly labeled); 21 C.F.R. § 10.25(b) ("FDA has primary jurisdiction to make the initial determination on issues within its statutory mandate"). The FDA has, of course, used its statutory authority to promulgate and enforce a complex and comprehensive regulatory scheme governing misbranding in general, and food and beverage labeling in particular. *See generally* 21 C.F.R. §§ 101.1, et seq.

The need for consistency in the administration of the complex federal regulatory scheme governing product labeling and the special expertise of the FDA support deference to the FDA in this case. Plaintiff should not be permitted to enforce her own idiosyncratic, subjective requirements regarding what can and cannot appear on Gerber's labels. Permitting Plaintiff to weigh in on the labeling regarding Good Start is particularly troublesome here because Plaintiff either misapprehends or misrepresents the nature of the FDA's inquiry. To be certain, neither the FDA or the FTC have ever stated that Good Start fails to reduce the risk of atopic dermatitis in infants. Plaintiff fails to note this fact anywhere in her Complaint. Instead, Plaintiff has improperly inserted her private action in the middle of the FDA's and FTC's jurisdiction. Private plaintiff's should not be the determining factor regarding whether or not a manufacturer has or has not followed the instructions of a regulatory agency when that agency has already conducted an investigation that lead to its determination that the manufacturer could make the qualified health claim. That is exactly what happened here.

Courts have applied the primary jurisdiction doctrine to claims, like the present one, that have challenged the adequacy of the labeling of an FDA-regulated

product. *See, e.g.*, *Mutual Pharm. Co. v. Watson Pharm., Inc.*, No. CV 09-5700, 2009 U.S. Dist. LEXIS 107880, at *15 (C.D. Cal. Oct. 19, 2009) ("disputes concerning the content of [the product's] labels and inserts falls even more squarely within the primary jurisdiction of the FDA"); *Gordon v. Church & Dwight Co.*, No. C 09-5585, 2010 U.S. Dist. LEXIS 32777, at *2 (N.D. Cal. Apr. 2, 2010).

**E. <u>Lack of Substantiation and Reliance on the FTC Action Cannot Support a Cognizable Cause of Action Against Gerber</u>**

Gerber does not have a burden to provide substantiation for its advertising and it is impermissible at the pleading stage for Plaintiff to attempt to shift the burden on this issue to Gerber. When suing for false advertising, a plaintiff must "adduce evidence sufficient to present to a jury to show that Defendant's advertising claims with respect to the Product are actually false; not simply [allege] that they are not backed up by scientific evidence." *Fraker v. Bayer Corp.*, 2009 U.S. Dist. LEXIS 125633, at *22-23 (E.D. Cal. Oct. 2, 2009) (emphasis added); *see also Franulovic v. Coca Cola Co.*, 390 Fed. Appx. 125, 128 (3d Cir. 2010) (state law claim for false advertising "cannot be premised on a prior substantiation theory of liability").

A private plaintiff who asserts a claim for false and misleading advertising must plead that a defendant's labeling or advertising – upon which he actually relied and as a result of which he suffered an injury – are false or misleading. "To successfully allege a claim for false advertising, Plaintiff has the burden to plead and prove facts that show that the claims that Defendant made in connection with product are false or misleading." *Fraker*, 2009 U.S. Dist. LEXIS 125633, at *22 (emphasis added).

Only public enforcement agencies, such as the FTC, are permitted to assert that a manufacturer has not substantiated its advertising claims. A private plaintiff cannot. Plaintiff's entire Amended Complaint rests on the premise that Gerber has

not substantiated its advertising claims regarding Good Start's efficacy with respect to infant allergies. Plaintiff contends that "no such scientific or other evidence existed at the time linking a reduced risk of infant allergies, including atopic dermatitis (a form of eczema), to the consumption of partially hydrolyzed whey protein." It is unlikely that the FTC would agree with this allegation.[3] *See* Compl. ¶ 5. Plaintiff never alleges, however, that Gerber either misrepresented or relied on any study or other scientific evidence that does not support the claims that Plaintiff quibbles with regarding Good Start. There is no private right of action for unsubstantiated advertising. *See Stanley v. Bayer HealthCare LLC*, No. 11 cv 862, 2012 WL 1132920, at *3 (S.D. Cal. Apr. 3, 2012) ("Private individuals may not bring an action demanding substantiation for advertising claims. . . . [O]nly prosecuting authorities may require an advertiser to substantiate its advertising claims."); *Fraker*, 2009 WL 5865687, at *8 (explaining that that the government, not a private plaintiff along can allege the absence of substantiation of an advertising). Plaintiff's quibbles highlight the reason why private plaintiffs are not permitted to allege that advertising claims are not substantiated.

The Court in *Fraker* rejected exactly what Plaintiff attempts to do here. In *Fraker*, the court recognized that the FTC retains exclusive jurisdiction over ensuring that advertising claims are substantiated and dismissed the complaint as an "attempt to shoehorn an allegation of violation of the [FTC] Act . . . into a private cause of action," *Id*. at *7 ("[T]he [FTC] Act vests remedial power solely in the Federal Trade Commission and a regulation under the FTCA does not create a private right of action. … a private plaintiff cannot avoid her obligations to plead and prove that an advertisement is false or misleading by styling the claim as one for

---

[3] *See* https://www.ftc.gov/news-events/press-releases/2014/10/ftc-charges-gerber-falsely-advertising-its-good-start-gentle (last accessed March 23, 2015).

unsubstantiated advertising.”). *Id*. at *8. Instead, the complaint must plead “facts to support an allegation that [a defendant’s] advertising claims are false or misleading.” *Id*. Plaintiff’s contentions that Gerber’s advertising regarding Good Start is either deceptive, false and misleading are based only on Plaintiff’s allegations, copied from the FTC Action, that Gerber had ‘[n]o scientific or other evidence,” to support its claims regarding Good Start (Am. Compl., ¶ 5), that those claims were “unsupported,” (Am. Compl., ¶ 8) or that they were “supported by little or very little scientific evidence.” (Am. Compl., ¶ 35.) In other words, Plaintiff alleges that Gerber had no substantiation for its claims regarding Good Start’s efficacy in addressing atopic dermatitis.

The only other factual basis Plaintiff relies on to support her allegation of falsity is a summary of two petitions submitted to the FDA. Am. Compl., ¶¶ 25 & 30. Even there, Plaintiff misapprehends the petitions referenced in the Amended Complaint and the FDA’s Letter of Enforcement Discretion cited at paragraph 31 (the “FDA Letter,” attached as Exhibit B hereto), which is incorporated by reference into the Amended Complaint. The FDA Letter acknowledges that the FDA “determined that the current scientific evidence is appropriate for considering the exercise of enforcement discretion with respect to a qualified health claim concerning the relationship between 100% whey-protein partially hydrolyzed infant formula and a reduced risk of atopic dermatitis for a specific infant population who is fed such formula during a specific period of time.” (FDA Letter at 1.) After reviewing the large body of scientific support that Gerber relied upon when it petitioned the FDA for the qualified health claim, the FDA’s response was that it was “uncertain” whether Gerber was able to tie the support to its qualified health

/ / /

/ / /

/ / /

claims relating to Good Start. The FDA has never contended that Gerber's claims are false.[4]

Plaintiff, to state a viable cause of action, must go much farther than the FTC or FDA, alleging and ultimately proving not just uncertainty about the scientific literature supporting Gerber's claims, but that all of that science is wrong and therefore that Gerber's claims are false. But Plaintiff pleads no facts supporting such a position, and Plaintiff gives no indication that she has even reviewed the science referenced in the FDA Letter, let alone that she is in a better position than the FDA to judge the science regarding Gerber's claims about Good Start. Plaintiff has certainly failed to allege that she possesses any science of her own to support any of her allegations that any of Gerber's claims are false, deceptive or misleading. Instead, all that Plaintiff can muster in the most conclusory of manner is to attach the exhibits from the FTC's complaint containing various advertisements and then conclude that they are false. This does not satisfy the plausibility requirement of either *Twombly* or *Iqbal*.

Plaintiff's remaining common law theories should also be dismissed because, like her statutory claims, they are each grounded on the same allegations that Gerber's advertisements are unfounded. *See, e.g.*, *Fraker*, 2009 WL 5865687, at *8-9 (dismissing consumer fraud and breach of express warranty claims, after recognizing that plaintiff's warranty claim was "predicated on the unsupported legal proposition that an advertising claim creates . . . a contractually enforceable duty of the advertiser to have at hand scientific evidence to substantiate the claim.").

---

[4] Plaintiff misapprehends the FDA Letter because the FDA did not state that Gerber lacked scientific support. Instead, the FDA concluded that there was a lack of decisive scientific support one way or the other. As a result, it decided that it would exercise its enforcement discretion, which meant that Gerber could employ the qualified health claim. (FDA Letter at 1 & 9.)

**F. Plaintiff Fails to Plead Reliance or Causation**

Plaintiff was required to allege that she relied on Gerber's advertising claims about Good Start. *In Re Tobacco II Cases*, 46 Cal. 4th at 306. Despite the fact that she summarizes in detail each of the advertisements attached to her Complaint, she fails to allege that she ever saw any of them, much less relied on them. (Am. Compl. ¶¶ 44-50.) The one advertisement that Plaintiff claims she saw could not have caused her to rely on any of Gerber's claims because by the time she saw it her pediatrician either "recommended" (Orig. Compl. ¶ 53) or "introduced" Good Start to her. (Am. Compl. ¶ 60.) Either way, Gerber could not have caused any of Plaintiff's alleged damages because she relied on her pediatrician, not Gerber, when she made the decision to purchase Good Start. Even if she did not admit that she relied on the "recommendation" or "introduction" by her daughter's pediatrician, Plaintiff never specifically identifies what caused her to purchase Good Start. Instead, she resorts to a vague reference to "research" on Gerber's website. (Am. Compl. ¶ 61.) That vague reference is not sufficient to allege reliance. Without a clear allegation regarding reliance, Plaintiff has failed to allege causation because she has not connected her vague and conclusory allegations to the cause of her alleged injury. Because Plaintiff has sufficiently failed to plead causation, she lacks Article III standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (setting elements of Article III standing).

In addition, Plaintiff cannot allege that she relied on what she characterizes as Gerber's "false" statements regarding Good Start when she takes the time to reference a study that was published two years before Plaintiff started using Good Start and which allegedly found that "partially hydrolyzed whey formula did not reduce the risk of allergic manifestations . . . ." (Am. Compl. ¶ 39.) By citing the Lowe Study in support of her claims in this action, Plaintiff is charged with constructive knowledge of its existence prior to purchasing Good Start.

Despite the contradictions contained in the Amended Complaint, Plaintiff uses much space in her Amended Complaint, including liberal use of advertisements attached as exhibits to the FTC's complaint that she never encountered, in an attempt to cobble together a complaint alleging false advertising. Still, it is impossible to determine how any of Plaintiff's allegations can be tied together sufficiently to make her claims viable. This is especially true of her failed attempts to plead reliance. *Metro Secs. Litig*., 532 F.Supp. 2d at 1280 ("No further reference is made to the previous allegations in the complaint, leaving the reader to wonder which prior paragraphs support the elements of the fraud claim."). This approach is not permitted because a plaintiff cannot base her allegations on advertising and marketing claims that she did not see or rely upon when she purchased the product. *Johns v. Bayer Corp*., 2010 U.S. Dist. LEXIS 10926, at *12-13 (S.D. Cal. Feb. 9, 2010).

**G. <u>Plaintiff Lacks Standing Under the UCL and FAL</u>**

As argued above, Plaintiff has failed to plead reliance and has failed to plead a plausible theory that Gerber's claims about Good Start were false. Based on her admissions that she relied on the statements of her daughter's pediatrician, Gerber did not cause any of Plaintiff's alleged damages.[5] In order to establish standing

---

[5] This issue of damages will also present an insurmountable hurdle for Plaintiff at the class certification stage. Plaintiff purchased Good Start based on her pediatrician's recommendation, while other members of the putative class may have purchased Good Start for reasons completely unrelated to any of the claims challenged by Plaintiff, such as the protein content, its easily digestible form, or brand-loyalty, to name a few reasons. Those purchasers were not damaged. Therefore, Plaintiff's hypothetical "damages are [not] capable of measurement on a classwide basis [and] [q]uestions of individual damage calculation will inevitably overwhelm questions common to the class." *Comcast v. Behrend*, 569 U.S. _ , 133 S.Ct. 1426, 1433 (2013).

under the UCL, a plaintiff must establish that she suffered "injury in fact" and that she "has lost money or property." Cal. Bus. & Prof. Code §§ 17204 and 17535. Plaintiff has not adequately alleged that she suffered an injury in fact or that she lost money or property. Instead, Plaintiff merely alleges in a conclusory manner that she "purchased Good Start [ ] at an inflated cost" (Am. Compl., ¶ 8) and that she "would have paid less than what she did for Good Start [ ], or not purchased the product at all." (Am. Compl., ¶¶ 91 and 102.) Plaintiff fails to allege that the claims that Gerber made about Good Start, and which she now appears to complain about, actually mattered to her. It is not clear that the label represented in Exhibit B was material to Plaintiff's decision to purchase Good Start given the fact that she never alleges that her daughter manifested any symptoms of infant allergies and based on her admission that she purchased Good Start based on the recommendation of her daughter's pediatrician. If a plaintiff receives exactly what she set out to purchase (an infant formula) and no particular representation made by the manufacturer of the product is material, then no action should lie. *Hinojos v. Kohl's Corp*., 718 F.3d 1098, 1105, 1107 (9th Cir. 2013) (citing *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 323-33 (2011) (a representation is considered material if a reasonable consumer would attach some importance to it or if the manufacturer has reason to know that a recipient is likely to regard the matter as important in making the decision to purchase)).

Moreover, Plaintiff fails to allege how much more she paid for Good Start over the other infant formulas that she purchased. Plaintiff, therefore, has not sufficiently alleged that she was misled into paying more for Good Start than she would have paid for a competing infant formula. In order to sustain this claim, Plaintiff was required to plead at a minimum what she would have paid for a different product. The Complaint lacks any such allegation.

/ / /

**H. Plaintiff Fails to Allege that Gerber Has a Duty to Disclose**

To the extent that any of Plaintiff's allegations can be construed as a claim that Gerber had a duty to disclose anything to her, her claims fail. When a plaintiff bases a UCL or FAL claim on a theory of fraudulent omission or concealment, the complaint must allege that the defendant had a duty to disclose and such allegations must meet the specificity requirements of Rule 9(b), including specific allegations of exclusive knowledge and active concealment. *Hovsepain v. Apple, Inc.*, 2009 U.S. Dist. LEXIS 117562, at *9-10 (N.D. Cal. Dec. 17, 2009); *see also Kearns*, 567 F.3d at 1127 ("Because the Supreme Court of California has held that nondisclosure is a claim for misrepresentation in a cause of action for fraud, it (as any other fraud claim) must be pleaded with particularity under Rule 9(b)."). As set forth above, Plaintiff fails to meet her Rule 9(b) requirements.

As an initial matter, Plaintiff does not even attempt to plead that Gerber had a duty to disclose that it allegedly lacked substantiation for the allergy claims that it made about Good Start. That failure requires dismissal. *See In re Sony Grand Wega Litig.*, 2010 U.S. Dist. LEXIS 126077, *31 (S.D. Cal. Nov. 30, 2010) ("A plaintiff alleging that the defendant failed to disclose material facts must, however, establish that the defendant had a duty to disclose those facts"); *Buller v. Sutter Health*, 160 Cal. App. 4th 981, 987-989 (2008) ("Fairly read, the complaint's focus is on respondents' alleged failure to disclose their prompt-pay discount policy. The distinction is significant as it appears settled that [a]bsent a duty to disclose, the failure to do so does not support a claim under the fraudulent prong of the UCL." (citations and quotations omitted); *see also Daugherty v. Am. Honda Motor Co., Inc.*, 144 Cal. App. 4th 824, 835 (2006).

Nor could Plaintiff allege a legal duty to disclose an alleged lack of substantiation. A duty to disclose exists only where (1) a defendant is in a fiduciary relationship with plaintiff; (2) a defendant has exclusive knowledge of material facts

not known to plaintiff; (3) a defendant actively conceals a material fact from the plaintiff, or (4) a defendant makes partial representations, but also suppresses some material facts. *Kent v. Hewlett-Packard Co.*, 2010 U.S. Dist. LEXIS 76818, *27 (N.D. Cal. July 6, 2010); *Hovsepain*, 2009 U.S. Dist. LEXIS 117562, at *9 (citing *LiMandri v. Judkins*, 52 Cal. App. 4th 326, 337, (1997)). Furthermore, a duty to disclose does not exist where the "facts are not *actually* known to the defendant." *San Diego Hospice v. Cnty. of San Diego*, 31 Cal. App. 4th 1048, 1055-56 (1995).

**I. Plaintiff's Breach of Express Warranty Claim Should Be Dismissed**

**1.** There Is No Warranty

A claim for breach of express warranty requires (1) a contract that includes an express warranty claim; (2) a breach of that warranty; and (3) damages flowing from that breach. *Williams v. Beechnut Nutrition Corp.*, 185 Cal. App. 3d 135, 142 (1986). Those essential elements are missing here because none of the advertisements attached as Exhibits B through H of the Complaint constitute a warranty, express or otherwise, other than that Good Start is an infant formula fit for use by infants. Under California law, a "warranty relates to the title, character, quality, identity, or condition of the goods. The purpose of the law of warranty is to determine what it is that the seller has in essence agreed to sell." *Keith v. Buchanan*, 173 Cal. App. 3d 13, 20 (1985) (internal citation omitted). Plaintiff fails to plead what warranty she relied on and clearly fails to allege that Good Start did not work for her as she claims was warranted. Good Start marketed and advertised an infant formula and that is exactly what Plaintiff alleges she purchased. Plaintiff has not pled any cognizable legal theory to the contrary and therefore this claim should be dismissed. *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001); *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011). In addition, Plaintiff has not adequately plead a breach.

/ / /

Plaintiff's express warranty claim also fails because the label at issue cites a product description, not a warranty against defects or guarantees of future performance. *See Jones v. ConAgra Foods, Inc.*, 2012 WL 6569393, *9-10 (N.D. Cal. Dec. 17, 2012). After purchasing Good Start, based on the recommendation of her daughter's pediatrician for nearly a year, Plaintiff now alleges that the references to allergies created an express warranty. A quick review of the advertisements attached as exhibits to her Amended Complaint do not support this allegation. Plaintiff's after-the-fact selective reading of those advertisements cannot give rise to an express warranty claim. *See, e.g.*, *McKinniss v. Gen. Mills, Inc.*, 2007 WL 4762172, at *5 (C.D. Cal. Sept. 18, 2007). Moreover, Plaintiff cannot allege reasonable reliance, as required to state an express warranty claim, because she pleads no such reliance. *See Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 988 (N.D. Cal. 2009).

**2.** Plaintiff Suffered No Damages

The Amended Complaint is devoid of any plausible allegations regarding recoverable damages, because Plaintiff suffered none. Plaintiff does not allege how Gerber failed to deliver on any promise or how she was damaged. Plaintiff does not even allege that her daughter had allergies, let alone that she purchased Good Start in order to reduce the symptoms of those allergies or that her daughter got them anyway. Plaintiff does admit, however, that she used Good Start for a year and it worked as warranted—it was an infant formula that supplied an infant with every necessary nutritional need. Plaintiff does not allege anything to the contrary. All Plaintiff can offer is a conclusory allegation that she "purchased Gerber Good Start Gentle at an inflated cost." (Am. Compl., ¶ 8.) Plaintiff offers no basis for her "inflated cost" claim. Plaintiff has alleged no facts to demonstrate that she suffered any out-of-pocket losses. Indeed, based on the allegations contained in the Amended Complaint, Plaintiff purchased a product fit for its intended use—an

infant formula. Her breach of express warranty claim thus fails as a matter of law. *Id*. (in a breach of warranty action, "it is of course necessary to show not only the existence of the warranty but the fact that the warranty was broken and that the breach of the warranty was the proximate cause of the loss sustained.").

**J. Plaintiff Has Not Stated a Claim for Breach of Implied Warranty**

In order to sufficiently plead a breach of an implied warranty, a plaintiff must allege that the product was not fit for the ordinary purpose for which that type of product is used. This claim necessarily includes the allegation that the product was not merchantable. "Merchantability" generally has been construed as a requirement that a product conforms to its ordinary and intended use. *See Stearns*, 2009 WL 1635931, at *7. A claim for an implied warranty does not "impose a general requirement that goods precisely fulfill the expectation of the buyer. Instead, it provides for a minimum level of quality." *Am. Suzuki Motor Corp. v. Superior Court*, 37 Cal. App. 4th 1291, 1296 (1995). Plaintiff does not allege (nor could she) that the advertisements or labeling rendered Good Start unusable. Furthermore, there are no allegations that Good Start was defective or unfit for its intended purpose as an infant formula. On the contrary, she admits that she used it with her infant daughter for at least a year. (Am. Compl., ¶ 66.) The only implied warranty that Plaintiff could have derived from the marketing and labeling of Good Start was that it was an infant formula, fit for its intended use as an infant formula. Plaintiff never alleges that she purchased Good Start as a result of any claims relating to allergies, that her daughter had any allergies or that her daughter had allergies before or after using Good Start.

Other than a conclusory statement that Gerber "breached the implied warranty of merchantability" (Am. Compl. ¶ 134), Plaintiff never alleges that she attempted to resell her containers of Good Start or that she ever intended to resell them when they purchased them. To the contrary, Plaintiff alleges that she purchased them for

her infant daughter (Am. Compl. ¶ 62) and used them for a year (Am. Compl. ¶ 63). Good Start worked for its intended purpose.

In addition, privity of contract is required when asserting a breach of an implied warranty. *Blanco v. Baxter Healthcare Corp*., 158 Cal. App. 4th 1039, 1058 (2009). Plaintiff admits that she did not purchase Good Start directly from Gerber. (Am. Compl. ¶ 65.)

**K. Plaintiff Has Not Stated a Claim for Misrepresentation**

Both of Plaintiff's so-called misrepresentation claims are based on Plaintiff's allegations of fraud and must be dismissed for failure to plead with the particularity required under Rule 9(b). With respect to these misrepresentation claims, Plaintiff must plead that she reasonably relied on Gerber's claims about Good Start. *See Stearns*, 2009 WL 1635931 at *12. She has failed to do so. The lack of specificity requires dismissal of these claims.

In addition, Plaintiff cannot state a negligence claim when she exclusively seeks recovery of purely economic losses. *See Williamson*, 2012 WL 1438812 (N.D. Cal. Apr. 25, 2012) *14-15 ("plaintiffs may seek remedies for negligence only where they experience 'physical injury to person or property, and not for pure economic losses") (citation omitted). Because Plaintiff does not allege physical injury to person or property, her negligent misrepresentation count must be dismissed.

**L. Plaintiff Is Not Entitled to Injunctive Relief**

Plaintiff repeatedly alleges that Gerber's advertisements are "deceptive," "false," and "misleading." Based on these allegations, there can be no doubt that Plaintiff will not purchase Good Start in the future, especially given her reference to the Lowe Study. There can be no threat she will again purchase Good Start. (Am. Compl., at 93.) Plaintiff lacks Article III standing to request any injunctive relief relating to Good Start because she will not purchase Good Start in the future and

therefore lacks any future harm.. *Lujan*, 504 U.S. at 560-561. Even though Plaintiff alleges that she purchased Good Start as a result of Gerber's alleged deceptive statements, her past exposure to those statements does not confer standing because she will not purchase Good Start in the future. *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974).

Where a plaintiff seeks prospective injunctive relief, the concrete injury element for standing requires a "likelihood of future injury." *Hodgers-Durgin v. De La Vina*, 199 F.3d 1037, 1039 (9th Cir. 1999); *Gest v. Bradbury*, 443 F.3d 1177, 1181 (9th Cir. 2006). Plaintiff lacks standing to seek injunctive relief because she cannot allege a threat of future injury. Plaintiff has no standing to request injunctive relief.

DATED: March 23, 2015

KELLEY DRYE & WARREN LLP
Andrew M. White
Ken D. Kronstadt

By /s/ *Andrew M. White*
Andrew M. White
Ken D. Kronstadt
Attorneys for Defendant Gerber Products Co.